

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00143-CR

QUINTON JAMAL TURNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-433,789, Honorable Jim Bob Darnell, Presiding

February 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

After a jury trial,[1] appellant Quinton Jamal Turner was convicted of burglary of a

habitation.[2] Punishment was assessed by the trial court at imprisonment for a period of

---

[1] The record indicates appellant planned to enter a plea of guilty to the offense charged in the indictment. The State, however, objected and asserted its right to a jury trial. A trial was held and, after evidence was presented, the jury found appellant guilty. Appellant testified at the punishment hearing, confessing to the burglary of a habitation. He had several prior offenses, evidence of which was received during the punishment phase of trial. Appellant stipulated to each.

[2] TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2012).

ninety-nine years. His court-appointed appellate counsel has filed a motion to withdraw and an *Anders*[3] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

A homeowner testified he caught appellant in the act of burglarizing his home. After a short car chase by police, appellant was arrested. Items taken from the home were found in the car. Appellant confessed to the burglary at the time of arrest, and, after receiving statutory warnings, gave an oral, recorded confession to police. During the punishment hearing, appellant judicially confessed to committing the burglary of a habitation as charged in the indictment. Appellant also stipulated to his prior convictions that were used for enhancement of his punishment.

Appellant filed notice of appeal. Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd). By letter,

---

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).

this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response raising several issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

By his *Anders* brief, counsel raises eight grounds that could possibly support an appeal, but explains why he concludes none show arguable reversible error. He concludes the appeal is frivolous. We have also considered appellant's *pro se* response. We have reviewed each ground raised by counsel and appellant and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.